```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        PARKERSBURG
```

**KATHY V. DYE,**

      **Plaintiff,**

v.                                                  Case No. 6:06-cv-00531

**JOHN E. POTTER,**
**Postmaster General,**
**United States Postal Service,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was employed by the United States Postal Service as a clerk at the Parkersburg, West Virginia Post Office throughout the events at issue in her Complaint. On or about October 17, 2003, Plaintiff contacted the Postal Service Equal Employment Opportunity ("EEO") Office in the Appalachian District and made a request for EEO counseling. (Decl. of Mitchell Sturman, Manager of EEO Compliance & Appeals, Region 4, # 1, Ex. A, ¶ 7). On or about November 12, 2003, Plaintiff filed an "Information for Pre-Complaint Counseling" form (PS-2564-A) with the Postal Service EEO

Office.  (Id., ¶ 9, and attached Document 1).  The Pre-Complaint Counseling form alleged that the Postal Service had discriminated against Plaintiff through retaliation for her prior EEO activity.  (Id., ¶ 11 and attached Document 1).  The Pre-Complaint Counseling form did not allege discrimination on the basis of any protected status other than previous EEO activity; it did not allege claims of gender or age discrimination.  (Id.)

On or about February 2, 2004, Plaintiff filed a formal EEO Complaint of Discrimination, which was assigned Agency EEO Case No. 4C-250-0013-04.  (Id., ¶ 12 and attached Document 2).  In the formal EEO Complaint, Plaintiff again alleged only discrimination in the form of retaliation for prior EEO activity.  In block 14 of the form, entitled "Type of Discrimination You Are Alleging," Plaintiff checked only "Retaliation," when there were other boxes for "Sex" and "Age."  (Id.)  However, Plaintiff attached a typed document that listed actions by Postal Service employees dating back to July 19, 2001, and concerned some allegations that differentiated the treatment of male and female employees.  (Id., Doc. 2 at 2).

On March 25, 2004, the Postal Service issued a Notice of Partial Acceptance/Partial Dismissal of Formal EEO Complaint (hereinafter "the Notice"), which stated that the only basis of discrimination that was alleged was retaliation for prior EEO activity.  (Id., ¶ 14 and Document 3).  The Notice stated that the

following specific issues were accepted for investigation:

> The complainant alleged discrimination based on retaliation (prior EEO activity) when 1) on September 11, 2003, she was issued a Notice of Suspension dated September 8, 2003, that reduced to a Letter of Warning, 2) on October 15, 2003, she was issued a 7-Day Notice of Suspension dated October 10, 2003, 3) on November 21, 2003, she was issued a Letter of Warning dated November 20, 2003, 4) on December 24 & 25, 2003, she was subjected to disparate treatment regarding her work hours and 5) on various dates from July through November 2003, she was subjected to disparate treatment regarding her work schedule on weekends [footnote omitted].

(Id., Doc. 3, p. 1). The Notice further dismissed the following claims as being untimely and/or for failure to state a claim:

> The complainant alleged discrimination based on retaliation (prior EEO activity) when 6) on July 19, 2001, her supervisor claimed that she drove unsafely but did not stop her, 7) on September 30, 2002, her documentation related to a previous EEO complaint was left in a U-cart, 8) on October 17, 2002, she received a Letter of Warning for taking a lunch without permission, 9) her vacation request was held up from January 14, 2003 to February 12, 2003, 10) on January 15, 2003, another employee showed up at the Parkersburg office when 'they' were told he wasn't permitted to do so, 11) during the first week of February 2003, she was told that her family could not come to the office while other families are still permitted to do so, 12) on July 15, 2003, her supervisor permitted others to have access to a private telephone conversation and 13) on September 25, 2003, she was issued a Letter of Warning that was reduced to a discussion, and 14) on approximately October 14, 2003, management called branches to verify her work while she was there.

(Id., Doc. 3, p. 2).

The Notice further advised Plaintiff as follows:

> You do not have the right to appeal this decision at this time. [citation omitted] A copy of this correspondence will be associated with the investigative file and will

3

>become a part of the record of this complaint. **You have the right to submit a statement for the record providing your position on this dismissal.** You should submit this statement to the Manager, EEO Dispute Resolution at your local EEO District Office. The address for your local EEO District Office is provided in the attached Certificate of Service. **If you disagree with the Postal Service's reasons for dismissing this issue, you may raise your objection with the Administrative Judge in the event that you request a hearing on your complaint . . .**

(Id., Doc. 3, p. 5) (emphasis added). According to the Sturman Declaration, Plaintiff did not submit a statement objecting to or otherwise opposing the findings identified in the Notice. (Id., ¶ 17).

Following the agency's investigation of Plaintiff's formal complaint, Plaintiff requested a hearing before an Administrative Judge for the Equal Employment Opportunity Commission ("EEOC"). (Id., ¶ 18). On January 12, 2005, the EEOC issued an Acknowledgment and Order in response to Plaintiff's request for a hearing, which stated as follows:

>The parties have thirty (30) calendar days from receipt of this Order to identify any claims the Agency has dismissed from the complaint during the Agency investigative process . . . and to comment on the appropriateness of each dismissal . . . . **If the Complainant fails to oppose in writing the dismissal of a claim within the thirty (30) day comment period, the opportunity to have the dismissal reviewed by the Administrative Judge shall be deemed waived.**

(Id., ¶ 19 and Doc. 4, p. 2)(emphasis added). Plaintiff did not file a written statement opposing the dismissal of any claim. (Id., ¶ 21). The Notice and Acknowledgment also contained a

4

provision concerning how to amend a complaint to add claims that are like or related to the original complaint. (Id., Doc. 4, pp. 3-4).

On November 15, 2005, the EEOC Administrative Judge assigned to conduct a hearing on Plaintiff's complaint issued a Prehearing Conference Memorandum and Order, which stated that the only alleged basis of discrimination presented by Plaintiff for the hearing was retaliation because of prior EEO activity. (Id., ¶ 22 and Doc. 5). Specifically, the Prehearing Order stated:

> The claim presented is as follows: was the Complainant, a Part-Time Flexible Distribution Window Clerk at the Parkersburg, WV Post Office, **retaliated against because of her prior EEO activity** when (1) she was issued a notice of suspension on 9/8/03, (2) she was issued a 7-day suspension on 10/15/03, (3) she was issued a letter of warning on 11/21/03, (4) she was scheduled to work weekends during the period from 7/03 to 11/03, and (5) she was scheduled to work hours on 12/24/03 and 12/25/03.

(Id., Doc. 5, p. 1)(emphasis added).

On February 2, 2005, EEOC Administrative Judge Lystra A. Harris conducted a hearing concerning Plaintiff's complaint. (Id., ¶ 23). On February 24, 2006, Judge Harris issued a Bench Decision, the transcript of which has been provided by the defendant as Document 6, attached to the Sturman Declaration. (Id., Doc. 6). It is clear from the Bench Decision that retaliation for prior EEO activity was the only claim considered in the EEOC proceeding. At no point in this process did Plaintiff request to amend her complaint to include a claim of gender or age discrimination.

5

On June 29, 2006, Plaintiff filed the instant Complaint against the defendant in this United States District Court. (# 1). The Complaint contains allegations concerning retaliation by the Postal Service for Plaintiff's prior EEO complaints. The Complaint also contains allegations concerning gender and age discrimination, which were the subject of Plaintiff's prior EEO complaints. Thus, it is unclear from the Complaint itself, whether Plaintiff was attempting to allege separate claims of gender and age discrimination against the defendant in this civil action, or whether she is merely asserting those allegations in support of her claim for retaliation.

Plaintiff's Application to Proceed in forma pauperis (# 2) was denied on July 10, 2006. (# 4). Following payment of the filing fee, a summons was issued by the Clerk, and service of process occurred. On October 2, 2006, the defendant, by counsel, Assistant United States Attorney Kelly R. Curry, filed a Motion to Dismiss, with accompanying exhibits (# 10), and a Memorandum of Law in support thereof (# 11), asserting that, to the extent that Plaintiff has made allegations of gender or age discrimination against the defendant, Plaintiff had failed to timely exhaust her administrative remedies with respect to those claims, prior to filing the Complaint herein.

On November 20, 2006, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (# 14). Plaintiff's Response

states in pertinent part:

> I submit that I have repeatedly claimed discrimination of gender when Defendant allowed members of management to treat the females differently from the males. This is maintained in the February 15, 2000, the agency EEO Case # 40-250-0057-00 complaint of sexual harassment. This point was continued in testimony throughout that claim. The argument of gender discrimination was further pursued in the case currently before the court when retaliation is discussed. Plaintiff was retaliated against because of a sexual harassment claim. The sexual harassment was perpetrated against the women and not the men. Testimony during the hearing and in pre-hearing discussions reflected how the Part Time Flexible women routinely worked in less desirable conditions when compared to their male counterparts.

(# 14 at 1).

Defendant did not file a reply brief. This matter is now ripe for adjudication.

### STANDARD OF REVIEW

In Plaintiff's Complaint, the Statement of Jurisdiction and Venue states: "This action arises under the Gender Discrimination and retaliation for Equal Employment Opportunity activity in Employment, Title VII of the Civil Rights Act." Thus, the undersigned will treat Plaintiff's Complaint as being brought only under Title VII of the Civil Rights Act of 1964 ("Title VII"), 78 Stat. 253, as amended by the Equal Employment Opportunity Act of 1972, 86 Stat. 103, codified as 42 U.S.C. § 2000e et seq.[1]

---

[1] Although Plaintiff references violations of the Age Discrimination in Employment Act (the "ADEA") on page 2 of her Complaint, after receiving Plaintiff's Response to the Motion to Dismiss, it appears that the reference to age discrimination is merely a historical reference to Plaintiff's prior EEO complaint

7

As noted by Defendant in his Memorandum of Law, it is well-settled that Title VII requires exhaustion of administrative remedies prior to the commencement of a lawsuit in federal court. Brown v. General Services Admin., 425 U.S. 820, 832 (1976)(a federal employee must exhaust administrative remedies as a precondition to filing a Title VII civil suit in federal district court); see also Pueschel v. United States, 369 F.3d 353 (4th Cir. 2004).

The exhaustion of administrative remedies under Title VII and its applicable regulations involves a two-step process. First, a plaintiff must timely contact an EEO counselor for counseling. Second, a plaintiff must timely submit a written EEO complaint of discrimination to the agency. See Horton v. Potter, 369 F.3d 906, 910 (6th Cir. 2004). Federal courts may not assume jurisdiction over unexhausted claims. See Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 825 (1990); Davis v. North Carolina Dep't of Correction, 48 F.3d 134, 137 (4th Cir. 1995). Thus, if Plaintiff has failed to exhaust her administrative remedies concerning a claim, this federal court must dismiss that claim for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

(Case No. 4D-250-0135-99), made in support of her claim for retaliation for engaging in prior EEO activity, and that Plaintiff is not presently alleging a claim of age discrimination. Accordingly, the undersigned will not treat Plaintiff's Complaint as alleging a claim of age discrimination.

8

## **ANALYSIS**

It is clear from the documents in Plaintiff's EEO proceedings that the sole issue of discrimination investigated by the Postal Service was retaliation for prior EEO activity, and that the Administrative Judge only considered five specific instances of alleged retaliation in rendering her decision.  At no point in those proceedings did Plaintiff object to the way the agency or the Administrative Judge construed her claims, nor did Plaintiff request to amend her complaint to include a separate claim of gender discrimination, as provided under the regulations governing such proceedings.

Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to exhaust her administrative remedies concerning any claim of gender discrimination based upon the allegations contained in her present Complaint.  Accordingly, to the extent that Plaintiff has attempted to allege such a claim in her Complaint, the undersigned further proposes that the presiding District Judge **FIND** that, in light of the failure to exhaust her administrative remedies concerning a claim of gender discrimination, this federal district court lacks jurisdiction over such a claim.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Dismiss (# 10) concerning Plaintiff's claim of gender discrimination.

Furthermore, because the Administrative Judge only considered five of the claims of retaliation alleged in Plaintiff's agency EEO complaint, only those five claims were exhausted. Those claims are re-stated in paragraphs 18, 21, 22, 23 and 24 of Plaintiff's Complaint herein (# 1 at 4-6). The allegations as stated in paragraphs 13, 14, 15, 16, 17 and 19 were dismissed by the agency as either being untimely, or for failure to state a claim, or both.

Thus, the undersigned proposes that the presiding District Judge **FIND** that this federal district court also lacks jurisdiction to consider Plaintiff's retaliation claim with regard to the allegations as stated in paragraphs 13, 14, 15, 16, 17 and 19 of Plaintiff's Complaint. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's claim of retaliation concerning those specific allegations.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which

objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

    May 23, 2007                            /s/ Mary E. Stanley
        Date                                 Mary E. Stanley
                                           United States Magistrate Judge